[TAGGED]



**ORDERED in the Southern District of Florida on September 23, 2009.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO.:08-11228-EPK** |
| **ALAN DAVID WEINER,** | **CHAPTER 7** |
| Debtor. _____/ | |
| **SCOTT BUDNER,** | **ADV. CASE NO.: 08-01189-EPK** |
| Plaintiff, v. | |
| **ALAN DAVID WEINER,** | |
| Defendant. _____/ | |

**ORDER (I) GRANTING IN PART PLAINTIFF SCOTT BUDNER'S
MOTION FOR SUMMARY JUDGMENT [DE 59] AND (II) GRANTING
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DE 70]**

This cause came before the Court upon *Plaintiff Scott Budner's Motion for Summary Judgment* (the "Motion for Summary Judgment") [DE 59] filed by Scott Budner (the "Plaintiff")

1

and the *Defendant's Motion to Strike Plaintiff's Reply in Support of Motion for Summary Judgment* (the "Motion to Strike") [DE 70] filed by Alan David Weiner (the "Debtor"). The Court has considered the Motion for Summary Judgment, the *Defendant's Response to Plaintiff's Motion for Summary Judgment* (the "Response") [DE 67] filed by the Debtor, the *Joint Stipulation of Facts Pertinent to Plaintiff, Scott Budner's Motion for Summary Judgment* (the "Joint Stipulation of Facts") [DE 64], and the Motion to Strike, and is otherwise fully advised in the premises.

Defendant's Motion to Strike Plaintiff's Late Filed Reply

In the Motion to Strike, the Debtor points to this Court's *Order Setting Briefing Schedule on Plaintiff's Motion for Summary Judgment* [DE 62] which required the Plaintiff to file a reply to the Debtor's Response no later than July 2, 2009. The Plaintiff filed his reply on July 17, 2009 [DE 69], more than two weeks after the filing deadline. The Plaintiff did not file a motion seeking an extension of time to file his reply, nor did the Plaintiff respond to the Motion to Strike. Accordingly, the Motion to Strike is granted. The Court has given no weight to the untimely reply filed by the Plaintiff.

Motion for Summary Judgment

The Plaintiff asks the Court to rule that his claim against the Debtor is excepted from discharge under 11 U.S.C. § 523(a)(6) based on a Florida state court final judgment for slander obtained by the Plaintiff against the Debtor prior to the commencement of the Debtor's bankruptcy case.

I.     *Procedural and Factual Background*

On February 1, 2008, the Debtor filed a chapter 11 petition with this Court. On October 20, 2008, the Debtor's case was converted from chapter 11 to chapter 7. On March 7, 2009, the

Plaintiff filed an *Adversary Complaint to Object to Discharge, Determine Dischargeability and Except Debts from Discharge* (the "Complaint") [DE 1], initiating this adversary proceeding against the Debtor.

The Plaintiff is a judgment creditor of the Debtor as a result of a final judgment entered January 25, 2008 in favor of the Plaintiff and against the Debtor in the civil matter styled *Scott Budner v. Alan Weiner,* Case No. 50 2006 CA 014169 XXXX MB AD, in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County, Florida (the "State Court Action").

The amended complaint in the State Court Action (the "State Court Complaint") presents a single count for slander.  The Plaintiff alleged that the Debtor told the Plaintiff's business and social acquaintances that:  (1) the Plaintiff embezzled from a company owned by the Plaintiff and Debtor; (2) the Plaintiff was about to lose his home because the Debtor was going to foreclose on it; and (3) the Plaintiff and the company could not pay monies they owed to their creditors because of the Plaintiff's embezzlement.

The Debtor did not respond to the State Court Complaint.  The state court entered a default against him.

Prior to a jury trial on the issue of damages, the parties entered into a pre-trial stipulation (the "State Court Stipulation").  The State Court Stipulation stated, in part, that:

> liability is not at issue and all well pled allegations of the [State Court] Complaint are admitted.  Among these are:
>
> i. Shortly after [Plaintiff] resigned from STG, [Debtor] contacted [Plaintiff's] business and social acquaintances and falsely accused [Plaintiff] of embezzling funds from STG;
>
> ii. [Debtor] contacted business associates and acquaintances of [Plaintiff] and made the following false and damaging statements regarding [Plaintiff]:  (1) [Plaintiff] embezzled $500,000.00 or more from STG; (2) [Plaintiff] is about to lose his home because [Debtor] holds the mortgage on it and would foreclose; (3)

3

> [Debtor] and STG were unable to pay monies they owed to their creditors and vendors because of [Plaintiff's] embezzlement.
>
> iii. The above statements made by [Debtor] were false and damaging to [Plaintiff's] reputation socially and professionally.

The State Court Action was tried before a jury on December 5 and 6, 2007, to determine entitlement to and amount of damages, if any. Among other instructions,[1] the state court charged the jury that:

> Punitive damages are warranted if you find by the greater weight of the evidence that [DEBTOR'S] primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm [PLAINTIFF].

On December 6, 2007, the jury returned a verdict awarding (1) the amount of $278,334.55 for compensatory damages sustained by Plaintiff in the past due to Debtor's slander; (2) the amount of $95,000.00 for compensatory damages to be sustained by Plaintiff in the future due to Debtor's slander; and (3) the amount of $1,500,000.00 for punitive damages imposed against Debtor. The jury awarded total damages in the amount of $1,873,334.55.

The state court entered its *Final Judgment for Plaintiff* (the "Final Judgment") on January 25, 2008. The Final Judgment provides, in its entirety, as follows:

> Pursuant to the verdict rendered in this action
> IT IS ADJUDGED that Plaintiff SCOTT BUDNER, c/o DuBosar & Perez, P.A. 120 East Palmetto Park Road, Suite 100, Boca Raton, Florida, 33432, recover from Defendant ALAN WEINER, whose address is 7330 Sedona Way, Delray Beach, FL, 33446 and whose social security number is [redacted by the Court], the sum of $1,873,334.55, which shall bear interest at the rate of 11% per annum, for which let execution issue.
> It is further ordered and adjudged that the judgment debtor shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor, if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.

---

[1] The quoted jury instruction was contained in the Joint Stipulation of Facts filed in this case and was the only jury instruction provided to this Court.

4

> Jurisdiction in this case is retained to enter further orders that are proper to compel the judgment debtor to complete For [sic] 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.
> The Court retains jurisdiction to enter an award of attorney's fees and costs upon proper motion.

II.   *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 991 (11th Cir. 2001).

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323. "[O]nce the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, Federal Rule of Civil Procedure 56(e) shifts to the non-moving party the burden of presenting specific facts showing that such contradiction is possible." *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

III.     *Collateral Estoppel Standard*

The Plaintiff asks the Court to apply the principle of collateral estoppel, also known as issue preclusion, in this case. The Plaintiff argues that the record before this Court—consisting of (1) the Final Judgment entered in the State Court Action, (2) the State Court Complaint, (3) the State Court Stipulation, (4) a jury instruction on punitive damages provided in the Joint Stipulation of Facts in this case, and (5) the verdict form from the State Court Action—establishes that the Debtor caused "willful and malicious injury" to the Plaintiff within the meaning of 11 U.S.C. § 523(a)(6). Thus, the Plaintiff argues that the entire amount awarded in the Stated Court Action is not subject to discharge in the Debtor's bankruptcy case.

"[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). "A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as 'evidence of nondischargability.'" *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008). "Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993).

Because the Final Judgment was rendered by a Florida state court, this Court must apply the collateral estoppel law of Florida. *In re St. Laurent*, 991 F.2d at 676. Under Florida law, for the Final Judgment to have preclusive effect, four elements must be satisfied:

> (1) the issue at stake must be identical to the one decided in the prior litigation;
> (2) the issue must have been actually litigated in the prior proceeding;

6

>   (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and
>   (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*Id.*

IV.   *Analysis*

Section 523(a)(6) is the sole remaining basis for the relief requested in this adversary proceeding.[2]   Section 523(a)(6) provides:

>   § 523 Exceptions to Discharge
>
>   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>   . . . .
>   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
>   . . . .

   A.   Standard of Proof at Least as Stringent

In order to apply issue preclusion, the standard of proof in the earlier litigation must be at least as stringent as that employed in the later litigation. *In re St. Laurent*, 991 F.2d at 677. "[T]he evidentiary burden for Florida defamation actions and the standard of proof for the purposes of section 523(a)(6) are identical." *Hoskins v. Yanks (In re Yanks)*, 931 F.2d 42, 43 (11th Cir. 1991).  This element of the issue preclusion test under Florida law is met in the present case.

   B.   Identity of Issues and Actually Litigated

For collateral estoppel purposes, an issue in a dischargeability action is sufficiently "identical" to an issue in a prior state proceeding if the elements of the issue in the state

---

[2] The Complaint, which contains only one count brought under 11 U.S.C. § 523(a)(6), includes a request that the Debtor be denied a discharge under 11 U.S.C. § 727(b).  This Court entered an agreed order [DE 57] striking the reference to section 727(b) and specifying that the matter proceed solely on the Plaintiff's claim for relief under 11 U.S.C. § 523(a)(6).

7

proceeding "closely mirror" the requirements for proof in the bankruptcy action. *In re St. Laurent*, 991 F.2d at 676. The Plaintiff argues that slander under Florida law, as addressed in the State Court Action, requires the same proof as for a "willful and malicious injury" under 11 U.S.C. § 523(a)(6).

An injury alleged as the basis for a non-dischargeable claim under 11 U.S.C. § 523(a)(6) must be both willful and malicious. An injury is "willful" for purposes of section 523(a)(6) if the injury itself was intended or substantially certain to result. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998); *In re Thomas (Thomas v. Loveless)*, 288 Fed. Appx. 547, 549 (11th Cir. 2008) (*citing In re Walker,* 48 F.3d 1161, 1165 (11th Cir. 1995)). "Malice can be implied when a debtor commits an act that is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *In re Thomas*, 288 Fed. Appx. at 549 (*quoting In re Walker*, 48 F.3d at 1164).

Under Florida law, in general, proof of intent to injure is not required to obtain a judgment for slander. *See Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) (stating a negligence standard for defamation). Because a section 523(a)(6) action requires such proof of intent, at first blush the State Court Action appears to address issues lacking identity with the issues addressed in this adversary proceeding sufficient to satisfy the collateral estoppel test.

Here, however, the jury in the State Court Action deliberated under a jury instruction directing them to award punitive damages if they determined that the Debtor's "primary purpose in making the statements was to indulge ill will, hostility, and an intent to harm [the Plaintiff]." This instruction directs the jury to consider whether the Debtor acted with the malice and level of intent required under section 523(a)(6). From the record presented to this Court, it is obvious

that the issues required for a section 523(a)(6) action were actually litigated in the State Court Action.  Thus, the punitive damages component of the Final Judgment satisfies both the "identity of issues" and "actually litigated" prongs of the collateral estoppel test.

These requirements are not met with regard to the compensatory damages awarded in the State Court Action.  There is nothing in the record before this Court for the Court to determine what portion of the compensatory damages, if any, was attributable to the Debtor's willful and malicious injury to the Plaintiff.  The State Court Complaint alleges multiple slanderous statements by the Debtor that could give rise to damages under Florida law.  Neither the verdict form nor the Final Judgment shed any light on which of these statements was the basis for the compensatory damages award.  The jury could have determined that the Debtor intended to injure the Plaintiff with regard to some, but not all, of the Debtor's slanderous statements.  While it seems likely that the jury awarded some compensatory damages for the same statements that gave rise to the punitive damages, there is no way for this Court to know the amount so attributable—it could be as little as one dollar.  Because compensatory damages could have been awarded based on proof of intent different from that required under section 523(a)(6), this Court cannot give issue preclusive effect to the compensatory damages portion of the Final Judgment.[3]

    C.     Critical and Necessary Part of Prior Litigation

Finally, to satisfy the Florida collateral estoppel test, the "prior determination of the issue must have been a critical and necessary part of the judgment in [the] earlier decision."  *In re St. Laurent*, 991 F.2d at 676.  In the State Court Stipulation, the Debtor conceded that he made

---

[3] The State Court Complaint included allegations that the Debtor acted either (1) with express, deliberate, and premeditated malice out of ill-will, hostility, and a need to gratify the Debtor's malevolence towards the Plaintiff, or (2) that the Debtor was liable under the theory of malice *per se* because his false statements alleged criminal activity.  The Plaintiff cites the case of *Hoskins v. Yanks (In re Yanks)*, 931 F.2d 42 (11th Cir. 1991), for the proposition that either theory presented in the State Court Complaint satisfies the requirements of section 523(a)(6).  The *Yanks* court focused entirely on "malice" in this context.  Section 523(a)(6) requires that an injury be both malicious <u>and</u> willful.  *Yanks* is silent on the "willful" injury requirement, which is the crux of this Court's analysis above.

multiple slanderous statements regarding the Plaintiff.  The jury in the State Court Action was instructed that they should award punitive damages if they found that the Debtor's "primary purpose in making the statements was to indulge ill will, hostility, and an intent to harm [the Plaintiff]."   This jury instruction required the jury to find actual intent to harm in order to award punitive damages.  The jury awarded punitive damages in the amount of $1,500,000.  In light of the jury instruction, the jury's finding of intent to injure was a critical and necessary part of the punitive damages component of the Final Judgment.  The "critical and necessary" prong of the Florida issue preclusion test is satisfied as to the punitive damages award in this case.

The Debtor argues that the Plaintiff failed to provide all of the jury instructions given in the State Court Action.  The Debtor suggests there could be other jury instructions allowing the jury to award punitive damages without finding that the Debtor intended to injure the Plaintiff.  By providing the relevant jury instruction on punitive damages, the Plaintiff met his initial burden to establish the absence of a genuine issue of material fact with regard to the punitive damages award.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  The Debtor, as the non-moving party, then had the responsibility to show the existence of a genuine issue as to a material fact.  *Walker*, 911 F.2d at 1576 (citation omitted).  The Debtor cannot rest on mere speculation.  If any other jury instruction would have shown an alternative basis for the punitive damage award, it was up to the Debtor to provide it.  The Debtor did not do so, and thus he has not met his burden in responding to the Motion for Summary Judgment.

Accordingly, it is

ORDERED AND ADJUDGED that:

1. The Motion to Strike [DE 70] is GRANTED.

10

2. The Motion for Summary Judgment is GRANTED IN PART. Of the $1,873,334.55 awarded in the Final Judgment, $1,500,000.00, representing punitive damages, is not dischargeable in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 523(a)(6). Summary judgment is denied with regard to the remaining $373,334.55 of the Final Judgment representing compensatory damages.

3. As previously scheduled [see DE 75], the Court will hold a status conference in this case on October 8, 2009 at 9:30 a.m. at the United States Bankruptcy Court, 1515 North Flagler Drive, Suite 801, Courtroom B, West Palm Beach, Florida 33401.

Copies furnished to:

Howard D. DuBosar, Esq.
Kenneth S Rappaport, Esq
Les Osborne, Esq.
U.S. Trustee

Plaintiff's counsel is directed to serve a conformed copy of this Order on all interested parties and to file a certificate of service attesting to such service.